# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-10197
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Sergio Diaz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-269-1

_____

Before Haynes, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Sergio Diaz appeals the sentence imposed following his guilty plea conviction for possession of stolen mail.  He argues that the district court erred in calculating the loss amount attributable to him under U.S.S.G. § 2B1.1(b)(1) by relying on "commentary instead of the guideline text."  He

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contends that application note three is not entitled to deference in light of the Supreme Court's decision in *Kisor v. Wilkie*, 139 S. Ct. 2400, 2414-18 (2019).

After Diaz filed his brief, we clarified that *Kisor* did not expressly overrule or modify *Stinson v. United States*, 508 U.S. 36, 38 (1993). *See United States v. Vargas*, 74 F.4th 673 (5th Cir. 2023) (en banc). Accordingly, we still defer to Guidelines commentary "unless it is inconsistent with, or a plainly erroneous reading of the guideline definition." *Id.* at 680 (internal quotation marks and citation omitted). "Because *Kisor* did not overrule or modify *Stinson*, our pre-*Kisor* cases deferring to various notes in the Sentencing Guidelines based on *Stinson* are still good law." *United States v. Choulat*, 75 F.4th 489, 494 (5th Cir. 2023). Thus, application note three is "authoritative" here. *United States v. Dowl*, 619 F.3d 494, 502 (5th Cir. 2010). The district court did not err in calculating the loss amount attributable to Diaz under § 2B1.1(b)(1) by relying on the application note to this section. *See Dowl*, 619 F.3d at 502.

The judgment of the district court is AFFIRMED.